JOHN A. KEY *v.* AUSTIN WOOLFOLK.

Bricks, made by the former owner, not to be used on the place, but for sale, and lying there at the time of a Sheriff's sale of the premises, are moveables, and not included in the adjudication of the land to the purchaser. C. C. 459, 460, 464, 465, 468.

APPEAL from the District Court of Iberville, *Deblieux*, J.

*Edwards*, for the plaintiff.

*Labauve*, for the appellant, cited Civil Code, arts. 497, 2449, 2466, 3256. 16 Duranton, p. 232. Pothier, Coutumes d'Orleans, vol. 1. art. 47. Ib. Vente, art. 47. Grenier, Hypoth. vol. 1. 295—7 Troplong, Hypoth. 2 vol. art. 399. 3 Toullier, art. 122. Persil, Hypoth. vol. 1, p. 272, arts. 3, 4, 5.

MORPHY, J. The petitioner sues for the value of a certain quantity of bricks, a part of which, he alleges, was sold to the defendant, and the balance forcibly taken away from his brick kiln by the defendant, and converted to his own use. This claim is resisted on the ground that, at a Sheriff's sale made on the 4th of March, 1843, in virtue of an order of seizure and sale issued against Key, the defendant became the purchaser of his land on bayou Grosse Tête, and acquired, with the premises, all the improvements and appurtenances thereunto belonging, of which the brick kiln situated on the land was a part. There was a judgment below in favor of the plaintiff, from which this appeal was taken.

We think, with the inferior Judge, that the bricks which were on the land of the plaintiff at the time it was sold by the Sheriff and purchased by the defendant, did not pass to the latter with the land, as an accessary to it. They do not appear to have been made immoveable, by being attached to the soil, nor to have become so by destination. On the contrary, the evidence shows that these bricks were not made to be used on the place, and that the plaintiff had been selling them to different persons previous to the Sheriff's sale. They were, therefore, not included in the adjudication of the land to the defendant. Civil Code, arts. 459, 460, 464, 465, 468. It is shown that ten thousand of these bricks

had been taken off the land by the defendant, previous to his purchase ; and his overseer states, that he had told the plaintiff that he would buy all the bricks that the former could make. After the sale, the defendant took off and used in the construction of chimneys for his negro cabins, an additional quantity of 45,000 bricks. The Judge below allowed the plaintiff $10 per thousand, the price at which it was known that bricks were selling in the neighborhood. This allowance is said to be too large, as one witness, (the defendant's overseer,) states, that he would not have been willing to give for those bricks more than five dollars per thousand, as they were very brittle and made of loam. The evidence shows, that the plaintiff had sold some of the bricks at $10 per thousand, and that $10 was the price he was asking for them. The persons employed by the defendant to build the chimneys of his negro cabins were examined on the trial, and do not represent the bricks as being of a very inferior quality ; but, be that as it may, the defendant has surely no cause to complain, when in a case of trespass, he is made to pay the same price which other purchasers were paying to the plaintiff for his bricks.

*Judgment affirmed.*