No. 3221.—LUCY G. BEARD and Husband *v.* J. V. DURALDE, Jr., ·Sheriff, et al.

Materials that are for the first time collected together for the purpose of erecting a building do not form a part of the realty, nor do materials that result from the demolition of a building any longer retain their character of immovables and form a part of realty; but where a building is torn down with the view and intention of remodeling and repairing, and in doing which the same materials are to be used, then and in such case, the character of immovables which the materials have acquired by being used in the construction of the first building is not lost, and they are still immovables by destination, because they are intended to be used in the repairing or reconstructing the old building.

APPEAL from the Fifth Judicial District Court, parish of West Baton Rouge. *Posey,* J. *Samuel P. Greves,* for plaintiffs and appellees. *Barrow & Pope,* for defendants and appellants.

TALIAFERRO, J. Archinard, administrator of the succession of Giquel, having obtained a judgment against Mrs. Beard, issued an execution and seized a lot of lumber and bricks on her plantation. She enjoined the sale on the ground that the articles were being put to the use for which they were intended, that is in the erection of a framed sugarhouse, at the time they were seized by the sheriff, and were immovables by destination, and could not be seized separately from the land on which the building was in progress of construction.

Lucy G. Beard and Husband v. Duralde, Jr., Sheriff, et al.

This ground was considered by the judge *a quo* as sufficient to warrant the plaintiff in staying the execution by injunction, and rendered judgment perpetuating it. The defendant appealed.

Article 468 of the Civil Code is relied upon to support the position assumed by the plaintiff. That article reads thus: "Materials arising from the demolition of a building, those which are collected for the purpose of raising a new building are movables until they have been made use of in raising a new building. But if the materials have been separated from the house or other edifice only for the purpose of having it repaired or added to, and with the intention of replacing them, they preserve the nature of immovables, and are considered as such."

The evidence is that a portion of the bricks had been used in building the foundation for the sugarhouse; that about half the foundation had been laid; that the workmen were putting up the building at the time the bricks and lumber were seized. But, as appears from the evidence, the sheriff seized only the bricks and lumber that were lying around convenient to be used as the work progressed, and not any of the material which was already worked into or attached to the new structure. A part of the lumber seized was still lying at the landing where it had been delivered, having been brought there by water, as had also the bricks.

We do not see the parity of reasoning by which it is maintained on the part of the plaintiff that building material intended to be used in the construction of an edifice, although never having been so used, becomes immovable by its distinctive quality like materials are which, having formed part of a house, have been separated from it only for the purpose of having it repaired or added to, and with the intention of replacing the materials. In the latter case, the materials had acquired their character of immovables by having previously constituted part of the fabric, and they retain that character where the intention exists of replacing them in repairing or enlarging the edifice. In the former case, the materials have not that character because they have never constituted a part of any structure or work of any kind to give them that character.

We think the court below erred in the conclusions it aimed at in supposing the facts of this case analogous to one in which materials are detached from a building with the intention of using them in repairing or enlarging that building. The first paragraph of article 468, already quoted, seems explicit on the subject. Two classes of materials are enumerated in that paragraph, and both classes are declared to be movables: First, materials arising from the demolition of a building. This is where the building or work is destroyed. Its component parts are permanently separated, and they lose their character of immovables because the destination which was imparted to

them and which gave them the character of immovables is at an end.. Second, materials which are collected for the purpose of raising a new building are movables until they have been used in raising a new building—the very case presented here.   We see from the second para-- graph that it treats of materials having a different condition from that of those spoken of in the first paragraph.   The materials in this cate- gory are not those of a demolished building, nor such as are collected. for the purpose of raising a new building.   They are such as have been separated from a building temporarily, and to be again attached to it, in the operation of repairing or enlarging it.   The cases in 2 An. 451,. 4 An. 127, and 6 Rob. 424, harmonize with the views here taken.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed.   It is further- ordered that the injunction be dissolved, and that the defendant in- injunction recover of the plaintiffs and their sureties, *in solido*, eight. per cent. interest per annum on the amount of the judgment enjoined, ten per cent. thereon general damages, and seventy-five dollars as. special damages, and all costs of suit.

Rehearing refused.